IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV149

| | |
|---|---|
| DEBRA MAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STEEL WORKERS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court upon Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6). The court issued a *Roseboro* notice to the *pro se* Plaintiff and she filed a response on June 20, 2011. Defendant filed a Reply and this matter is now ripe for decision.

In her Complaint, Plaintiff has attempted to file claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. She attached her EEOC Charge, in which she only checked the box "Other" to indicate what the alleged discrimination was based upon. She then typed in "Union Representation."

In order to survive a motion to dismiss for failure to state a claim, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts must liberally construe *pro se* complaints, the court cannot assume the role of advocate for the plaintiff and cannot develop claims that the plaintiff failed to clearly raise. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring) ("We have never held that a district court is obliged to

apprise plaintiffs of statutory causes of action of which they are not aware."). Even if a plaintiff is *pro se*, she is still required to "'allege facts sufficient to state all the elements of [the] claim.'" *Bullock v. Spherion*, No. 3:10cv465, 2011 U.S. Dist. LEXIS 52526 *9 (W.D.N.C. May 16, 2011) (quoting *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Plaintiff herein has failed to allege any facts that support a Title VII claim of discrimination against the Defendant. Nowhere does she allege that the Defendant discriminated or otherwise acted against her on the basis of race, color, sex, national origin, religion or age. Accordingly, the court has no choice but to dismiss the Complaint for failure to state a claim upon which relief can be granted.

Signed: August 24, 2011

Graham C. Mullen
United States District Judge